Filed 12/10/24  J.V. v. Superior Court CA5

## <u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| J.V., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF FRESNO COUNTY, <br><br> Respondent; <br><br> FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, <br><br> Real Party in Interest. | F088750 <br><br> (Super. Ct. No. 21CEJ300224-3) <br><br><br> **OPINION** |

## <u>THE COURT</u>[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  James A. Kelley, Judge.

J.V., in propria persona, for Petitioner.

No appearance for Respondent.

Daniel C. Cederborg, County Counsel, and Lisa R. Flores, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]       Before Levy, Acting P. J., Detjen, J. and Meehan, J.

J.V. (father), in propria persona, seeks an extraordinary writ (Cal. Rules of Court, rule 8.452)[1] from the juvenile court's orders issued at a contested jurisdiction and disposition hearing on September 30, 2024, which resulted in the child being placed in foster care and family reunification services denied as to father and the child's mother J.C. (mother). Father's petition requests that the juvenile court be directed to order that the child be returned to his custody, reunification services be continued, and visitation be provided to him. He does not, however, allege the juvenile court erred in removing the child or denying family reunification services. We conclude father's petition fails to comport with the procedural requirements of rule 8.452 regarding extraordinary writ petitions and dismiss the petition.

## PROCEDURAL AND FACTUAL SUMMARY

In November 2023, mother gave birth to the child while she was incarcerated. A plan was made to allow for a maternal aunt to care for the child. The child was taken into protective custody by law enforcement after mother was released from incarceration in April 2024. Law enforcement was concerned for the child's safety because the child's sibling, M.V., passed away while in mother's care in 2021. A criminal investigation was still ongoing regarding M.V.'s death. Dependency proceedings were initiated in June 2021 for M.V.'s siblings, and the court sustained allegations that both parents caused the death of M.V.

The Fresno County Department of Social Services (department) filed an original petition alleging the child was described by Welfare and Institutions Code section 300, subdivisions (a), (b)(1), (f), and (j).[2] The petition alleged the child was at substantial risk of suffering serious physical harm due to the fatal injuries that were inflicted on M.V. while in mother's care. The petition further alleged that mother caused the death of M.V.

---

[1]    All further rule references are to the California Rules of Court.

[2]    All further statutory references are to the Welfare and Institutions Code.

when he suffered a skull fracture to the back of his head from nonaccidental trauma. The department considered father to be an alleged father of the child.

On May 3, 2024, both parents were present and appointed counsel at the detention hearing. The juvenile court ordered the child detained, and it set a jurisdiction and disposition hearing for June 4, 2024. Father was ordered to participate in a paternity test, and his supervised visitation was contingent on the results of his paternity status.

The department's initial jurisdiction and disposition report, dated May 29, 2024, recommended that the allegations in the petition be found true and family reunification services be provided to mother. On June 18, 2024, father was elevated to the status of a presumed father based on the completion of a voluntary declaration of parentage. The department filed a second amended petition on July 15, 2024, which included additional allegations involving father's conduct in relation to the death of M.V. An updated report was submitted with the amended petition, which recommended that both parents be denied family reunification services pursuant to section 361.5, subdivision (b)(4).

The child was placed in the home of the maternal aunt pending resource family approval, but he was hospitalized due to surgical complications. The child was born with medical complications that required two persons to care for him. Father informed the social worker that he intended to care for the child after his birth, but he was unable to take him to Los Angeles to live with the paternal grandmother. The parents participated in supervised visits with the child, and there were no reported concerns by the third-party supervisor.

Father wanted to participate in family reunification services, but he was unable to provide a reasonable explanation as to how M.V.'s fatal injuries were inflicted. He had not provided the department with documentation of any services that he was able to complete on his own. The department did not believe that either parent would be able to make significant progress in their services within the statutory time frame for reunification.

3.

A family reunification services initial review panel from the department concluded that reunification services for father were not in the child's best interest. Both parents requested a contested hearing on the department's recommendation at a continued hearing held on July 16, 2024. On September 20, 2024, the department submitted an addendum report recommending that both parents be denied family reunification services pursuant to section 361.5, subdivision (b)(4), (5), and (6).

The contested jurisdiction and disposition hearing began on September 26, 2024, and both parents were present and represented by counsel. The court heard testimony from two social workers and mother. Father's counsel did not offer any testimony or additional evidence at the contested hearing. The department's counsel and the child's counsel both requested that the allegations be found true and the parents be denied family reunification services. Mother's counsel argued that family reunification services were in the child's best interest. Counsel for father entered an objection to the allegations in the petition, and he argued that father should be provided family reunification services based upon the child's best interest.

After hearing argument from counsel, the juvenile court continued the hearing for a ruling. On September 30, 2024, the juvenile court found the allegations in the second amended petition true and denied family reunification services to both parents pursuant to section 361.5, subdivision (b)(4), (6), and (7). A section 366.26 hearing was set for January 23, 2025.

## DISCUSSION

### *The Extraordinary Writ Petition*

As a general proposition, a juvenile court's rulings are presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) A parent seeking review of the juvenile court's orders from the setting hearing must file an extraordinary writ petition in this court on Judicial Council form JV-825 to initiate writ proceedings. The purpose of such petitions is to allow the appellate court to achieve a substantive and meritorious

4.

review of the juvenile court's findings and orders issued at the setting hearing in advance of the section 366.26 hearing.  (§ 366.26, subd. (*l*)(4).)

Rule 8.452 sets forth the content requirements for an extraordinary writ petition. It requires the petitioner to set forth legal arguments with citations to the appellate record. (Rule 8.452(b).)  In keeping with the dictate of rule 8.452(a)(1), we liberally construe writ petitions in favor of their adequacy recognizing that a parent representing him or herself is not trained in the law.  Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record.  Failure to do so renders the petition inadequate in its content and we are not required to independently review the record for possible error.  (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Here, father's petition is inadequate in presenting a claim of error.  He completed those sections of form JV-825 requiring identifying information and checked the boxes indicating he wants an order for reunification services to be continued, return of custody of the child, and termination of dependency.  In the section where he is required to provide a summary of the factual basis for his petition, he claims that there was no evidence found against him for the past three years.  He also requests a temporary stay pending the granting or denial of his petition.  Father asserts that a stay is necessary because the child needs his father, and he asserts that he can provide a stable home.

A party's "conclusory presentation, without pertinent argument or an attempt to apply the law to the circumstances of this case, is inadequate," and the contention will be found by the appellate court to have been abandoned.  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)  Nowhere in the petition does father assert that the juvenile court erred in sustaining the department's petition or denying family reunification services.  Accordingly, we conclude father's failure to comply with rule 8.452 by asserting any error by the court renders his writ petition inadequate for review.

Even if we were to construe father's petition as a challenge to the juvenile court's denial of family reunification services, his claim lacks merit. When the juvenile court determines that reunification efforts should not be provided, it " ' "fast-tracks" ' " the dependent minor to permanency planning so that a permanent out-of-home placement can be arranged. (*Jennifer S. v. Superior Court* (2017) 15 Cal.App.5th 1113, 1121.) If the juvenile court finds a provision of section 361.5, subdivision (b) applies, the court "shall not order reunification for [the] parent … unless the court finds, by clear and convincing evidence, that reunification is in the best interest of the child." (§ 361.5, subd. (c)(2).)

The parent has the burden of showing that reunification with the child—and therefore offering reunification services to the parent—would serve the child's best interest. (*In re William B.* (2008) 163 Cal.App.4th 1220, 1227.) When the party with the burden of proof appeals, contending the trier of fact erred in concluding that party failed to meet his or her burden, the question on appeal "becomes whether the evidence compels a finding in favor of the appellant as a matter of law." (*In re I.W.* (2009) 180 Cal.App.4th 1517, 1528.) "A juvenile court has broad discretion when determining whether … reunification services would be in the best interests of the child under section 361.5, subdivision (c). [Citation.] An appellate court will reverse that determination only if the juvenile court abuses its discretion." (*William B.*, at p. 1229.)

The juvenile court denied family reunification services based upon previous findings that father caused the death of M.V. There was no evidence presented to demonstrate that the previous finding was set aside. Furthermore, father did not provide any compelling evidence that his circumstances had changed such that he would be capable of providing for the child's safety in his home. He continued to deny that he was aware of the cause of M.V.'s death, and he had not completed any programs to address the severity of the circumstances surrounding the child's removal. Thus, father is unable to prove that the court was compelled as a matter of law to find that reunification services were in the child's best interest.

Based upon the record before us, we would conclude the juvenile court did not err in denying family reunification services.  However, we dismiss father's writ petition because it fails to comport with rule 8.452.

## DISPOSITION

The petition for extraordinary writ is dismissed.  This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).